WALTER F. BUGDEN, JR. 480
BUGDEN LAW, LLC.
2620 EAST VENUS CIRCLE
HOLLADAY, UTAH 84124
Wally@wbugslaw.com
801 450-6400

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FELIX TSIPELZON,<br><br>Defendant. | Case No. 2:19-CR-00-394 RJS<br><br>SENTENCING MEMORANDUM<br><br>Judge ROBERT SHELBY<br>Magistrate |

**PRELIMINARYSTATEMENT**

The defendant, Felix Tsipelzon, through his counsel, submits this memorandum to assist the court in deciding an appropriate sentence. For the following reasons, the defendant and his counsel respectfully ask this court to follow the sentence set forth in the 11 (c) (1) (C) plea agreement of 3 years' probation with 1 year home confinement. This sentence would be sufficient but not greater than necessary to further the goals of sentencing, as well as being consistent with the factors set forth in Title 18, United States Code, section 3553 (a), which will be discussed below.

First, Mr. Tsipelzon's early, full and truthful cooperation, including (i) 5 full days of proffer sessions or trial preparation, (ii) two days of trial testimony, and (iii) providing spreadsheets which were introduced as exhibits and helped explain the ownership of the various trucking companies to the US Attorney's office.

## FACTS RELEVANT TO THE GUIDELINECALCULATION AND TO THE SECTION 3553(A) SENTENCING FACTORS

Mr. Tsipelzon was born in Moldova. When the Soviet Union broke up, he, his mother and grandparents emigrated to the United States. Mr. Tsipelzon was eighteen. As Jewish refugees they were granted refugee status. The family arrived in America with combined savings of about $1,000.

Mr. Tsipelzon was always a hard worker. His first jobs included working at a fast food restaurant, delivering fast food, inputting data for a state agency, and eventually becoming a truck driver. His business as an owner and truckdriver was thwarted when he was arrested for a DUI. That was when defendants Barsukov and Tuchinsky offered him a job as a dispatcher with what became the Salt Lake Trucking Group. Mr. Tsipelzon was grateful for the opportunity to have a job and he worked very hard for his bosses, often working 18-hour days. His hard work and competence was recognized and he was increasingly given more responsibility running the day to day operations of the trucking operation. Barsukov and Tuchinsky made him the manager of day-to-day operations, and over time, gave him a 20% ownership interest in two of the companies- Big Dog and Fusion trucking.

When Tsipelzon started working for Barsukov and Tuchinsky the bribery scheme with Ryan Mower was in full flight. He was not a decision-maker. He was given orders and he followed them. This included delivering bribe money to Mower and two other Fed-Ex dispatchers with the ability to give unassigned runs to SLTG. The defendant also implemented many other aspects of the conspiracy to violate FedEx rules to gain more mileage for the Salt Lake Trucking Group.

After entering his plea, Mr. Tsipelzon started a small trucking company.

He has lived with his common law partner for ten years. They are headed for a divorce. They have a son, Ivan, who is 9 years old.

## GUIDELINE CALCULATION

Mr. Tsipelzon has no objection to the guideline calculation.

## PROBATION IS SUBSTANTIVELY REASONABLE

Sentences issued by trial courts in the 10th circuit must be "substantively reasonable." <u>United States v. Walker</u>, 44 F. 3d 1253 (10th Cir. 2017). Substantive reasonableness is informed by the considerations of the section 3553 (a) factors. These factors support that the recommended 11(c)(1)(C) sentence of probation is reasonable.

As to the offense and the offender, the offense is admittedly a serious one. Mr. Tsipelzon was given orders from Barsukov, Tuchinsky, and Tomilin and he followed them. He was involved in implementing all the components of the fraud.

Mr. Tsipelzon met with the government for proffer sessions in April: 2020 and August 2021.Other than Mower, the defendant was the first offender to offer his cooperation to the government. His cooperation and testimony confirmed every aspect of the conspiracy set forth in the indictment– the bribery, preferential treatment from Mower, receiving unearned assigned runs from Mower, falsifying accident reports (deer strikes), qualifying unqualified and inexperienced drivers, filing for $10,000 per unit safety bonus for safety equipment not actually installed on the SLTG trucks, and concealing the true ownership of the multiple companies (overscaling) of the Salt Lake Trucking Group.

Based upon the defendant's substantial *redemptive* cooperation, a sentence of probation reflects just punishment, and fulfills general and specific deterrence.

As for the need to avoid unwarranted sentencing disparities, given all the circumstances, in particular the defendant's substantial cooperation, the requested sentence of probation is consistent with diminished punishment for defendants who cooperate early, fully and truthfully with the government.

## **HOME DETENTION**

The Guidelines at USSG 5B1.3 use the term home detention which is further defined at 5F1.2. 18 USC 3563 which lists discretionary conditions of probation and states the court may order a person to "remain at his place of residence during non-working hours and, if the court finds is appropriate, that compliance with this condition be monitored by telephonic or electronic signaling devices, except that a condition under this paragraph may only be imposed as an alternative to incarceration".

The location monitoring program has been modernized and conditions updated numerous times. The court has several options to satisfy the plea agreement: 1) curfew or 2) home detention. The curfew conditions would restrict the probationer to his residence every day from 9 PM to 6 AM or restrict the probationer to his residence every day as directed by the pretrial/probation officer.

The condition of home detention is significantly more restrictive. Home detention would restrict the probationer to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court – ordered obligations/, or other activities pre-approved by the pretrial/probation officer.

A condition of curfew does not require the individual to wear an ankle monitor. If technology is used to monitor the location of the individual, the probation department uses the

term "location monitoring". Location monitoring is used to manage and mitigate identified risks or monitor court ordered conditions.

The safety of the community does not require either home detention or location monitoring for Mr. Tsipelzon. He has no identifiable risks. He had no problems since being released on pretrial release in October 2019. Other than the one conviction for Impaired Driving in 2009, he has no traffic citations or convictions in his adult life. Under these circumstances, the defendant respectfully asks this court to allow **curfew** to fulfill the home confinement condition of the stipulated sentence in the plea agreement.

## CONCLUSION

Mr. Tsipelzon has admitted his responsibility and his role in the FedEx wire fraud conspiracy. He has testified fully and truthfully on behalf of the government. He has comported himself in a crime free and upstanding manner since the entry of his guilty plea two one half years ago. A sentence of probation would be fair and substantively reasonable in this case. Respectfully submitted, this ____ day of February, 2024

BUGDEN LAW, LLC


/s/ *Walter F. Bugden*
Walter F. Bugden
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February 2024, I electronically filed the **Sentencing Memorandum** with the court's CM/ECF system which will send notice of electronic filing to the following:

Cy.castle@usdoj.gov
Bryant.Watson@usdoj.gov
Jennifer_Gaston@utp.uscourts.gov

/s/ *WALTER F. BUGDEN, JR.*
_____